**Anice ANDERSON, Plaintiff,**

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, et al.,
Defendants.**

**Cause No. 2:08–cv–471–WTL–WGH.**

United States District Court,
S.D. Indiana,
Terre Haute Division.

Oct. 30, 2009.

**1130**

Amanda Lynn Yonally, Bridget L. O'Ryan, O'Ryan Law Firm, Indianapolis, IN, for Plaintiff.

Elizabeth A. McDuffie, Gonzalez Saggio & Harlan, LLP, Chicago, IL, for Defendants.

### ENTRY ON PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER

WILLIAM T. LAWRENCE, District Judge.

This cause is before the Court on the Plaintiff's objection to an order of the Magistrate Judge assigned to this case granting the Defendants' motion for protective order, thereby denying the Plaintiff the ability to conduct discovery in this case at this time. Mindful of the "clearly erroneous or contrary to law" standard for considering such objections, *see* 28 U.S.C. § 636(b)(1)(A), the Court, being duly advised, **RECONSIDERS** the Magistrate Judge's ruling and **DENIES** the Defendants' motion for protective order for the reasons set forth below.

This cases arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001. The Plaintiff alleges that Defendant Hartford Life and Accident Insurance Company ("Hartford") improperly denied her application for long-term disability benefits. The Defendants allege that the ERISA Plan at issue gave Hartford discretionary authority to determine benefit eligibility and/or to construe the terms of the plan and therefore this Court's review is limited to determining whether the decision to deny benefits was arbitrary and capricious. For purposes of this Entry, the Court will assume this is correct.

■ Prior to the Supreme Court's decision in *Metropolitan Life Ins. Co. v. Glenn*, — U.S. ——, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008), the law was clear in the Seventh Circuit that in ERISA cases in which the arbitrary and capricious standard applied, discovery was appropriate only in the "exceptional case" in which the plaintiff satisfied two factors: "First, a claimant must identify a specific conflict of interest or instance of misconduct. Second, a claimant must make a prima facie showing that there is good cause to believe limited discovery will reveal a procedural defect in the plan administrator's determination." *Semien v. Life Ins. Co. of North America*, 436 F.3d 805, 815 (7th Cir.2006). This standard created a "high bar" for plaintiffs and permitted discovery "into the motivations of a plan administrator or into the motivations of 'independent' physicians only where the claimant has made a prima facie showing of misconduct or conflict of interest." *Id.* The Plaintiff—relying heavily on decisions by Chief Judge Hamilton, Magistrate Judge Baker, and Magistrate Judge Magnus–Stinson of this district—argues that *Glenn* effectively abrogated the standard set forth in *Semien* and that the holding of *Glenn* suggests that conflict-of-interest discovery should be the rule rather than the exception in ERISA cases. The Court agrees.

■ In *Glenn*, the Supreme Court held that when the administrator of an ERISA plan "both determines whether an employee is eligible for benefits and pays benefits out of its own pocket," this "dual role creates a conflict of interest" as a matter of law. *Glenn*, 128 S.Ct. at 2346.

The Court had previously held that if an ERISA plan gives discretion to a plan administrator who is operating under a conflict of interest, "that conflict must be weighed as a factor in determining whether there is an abuse of discretion." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). In *Glenn*, the Court reaffirmed this holding and examined the question of how the dual-role conflict should be taken into account on judicial review of an ERISA plan's decision to deny benefits. The Court warned that it did not "believe it necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict."

> In principle, as we have said, conflicts are but one factor among many that a reviewing judge must take into account. Benefits decisions arise in too many contexts, concern too many circumstances, and can relate in too many different ways to conflicts—which themselves vary in kind and in degree of seriousness—for us to come up with a one-size-fits-all procedural system that is likely to promote fair and accurate review. Indeed, special procedural rules would create further complexity, adding time and expense to a process that may already be too costly for many of those who seek redress.

*Glenn*, 128 S.Ct. at 2351. Acknowledging that it was declining to provide a "detailed set of instructions," the Court expressed its faith in the ability of reviewing courts to take into account and appropriately weigh various "factors" in making a decision:

> We believe that *Firestone* means what the word "factor" implies, namely, that when judges review the lawfulness of benefit denials, they will often take account of several different considerations of which a conflict of interest is one.
> This kind of review is no stranger to the judicial system. Not only trust law, but also administrative law, can ask judges to determine lawfulness by taking account of several different, often case-specific, factors, reaching a result by weighing all together.

*Id.* The Court did give some guidance to reviewing courts, however, noting the following:

> [A]ny one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance. The conflict of interest at issue here, for example, should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration. It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits.

*Id.* (internal citation omitted).

■ *Glenn* was not a case about the propriety of discovery, and indeed discovery was not even mentioned in the decision. However, it seems clear that in order for the record to contain any evidence relevant to the appropriate weight to be given the conflict of interest in a given case, discovery regarding that issue will be necessary. For example, it will be impossible for a reviewing court to follow the mandate of *Glenn* and determine how much importance to give the conflict of

interest factor in the absence of evidence regarding whether "circumstances suggest a higher likelihood" that the conflict affected the decision or whether "the administrator has taken active steps to reduce potential bias and promote accuracy." Therefore, an ERISA plaintiff must be permitted to conduct discovery relevant to the conflict of interest issue so that she may provide such evidence to the reviewing court.

The Magistrate Judge's ruling contains a thorough and thoughtful discussion of *Glenn*. Nonetheless, he concluded that he should continue to apply *Semien* because that case has not yet been abrogated by the Seventh Circuit. In the Magistrate Judge's view, review of an ERISA case should be a two-step process; the court should first review the administrative record and consider the parties' briefs to determine whether the plan administrator's conflict "is a key 'tiebreaking factor.'" Only when the court's initial review reveals that the case is a "close call" should discovery be permitted. The Court believes that the use of such a process would be contrary to the admonition in *Glenn* that the use of "special procedural rules would create further complexity, adding time and expense to a process that may already be too costly for many of those who seek redress." In virtually every civil case, discovery is conducted that might ultimately be unnecessary. For example, damages discovery routinely is conducted in personal injury cases before liability is established, and discovery regarding similarly-situated employees is conducted in ADA cases before it is determined that a plaintiff is "disabled" as defined by that statute. Permitting discovery by an ERISA plaintiff prior to full briefing and an initial review by the court is no different.

For the reasons set forth above, the Court determines that the Magistrate Judge's decision granting the Defendants'

motion for protective order was contrary to the law established in *Glenn*. Accordingly, the Defendants' motion for protective order is **DENIED** to the extent that it seeks an order prohibiting all discovery at this time. The Court notes that the Defendants also argued in the alternative that the particular discovery sought by the Plaintiff is overly broad, although the discussion of that issue in the briefs is not particularly thorough. In response to this argument, the Court has conducted an admittedly cursory review of the Plaintiff's discovery requests and has determined that most of them are appropriate, but some of the document requests in particular should be narrowed (for example nos. 5 and 8) or withdrawn (no. 10). The Court trusts that the parties—with the help of the Magistrate Judge if necessary—will be able to quickly resolve any issues regarding the proper scope of discovery.

SO ORDERED.